No. 86-601

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

PATRICK EMICK,
          Plaintiff and Appellant,

     -vs-

KEN KOCH and GARY KOCH, d/b/a
CENTRAL AUTO,
          Defendants and Respondents.

---

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Dunaway, O'Connor & Moe; Stewart R. Kirkpatrick argued,
          and William J. O'Connor, II argued, Billings, Montana

     For Respondent:

          George T. Radovich argued, Billings, Montana

---

                         Submitted:   June 10, 1987

                         Decided:   July 9, 1987

Filed: JUL 9 - 1987

*Ethel M. Harrison*
_____
                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Emick sued the defendants for misrepresentation and unfair practices in violation of state and federal statutes, in the sale of a used Chevy Blazer. After trial to the court, judgment was entered for defendants. The District Court concluded that Mr. Emick had failed to carry the burden of proof to show defendants' liability. Mr. Emick appeals. We affirm.

The issues are:

1. Did the District Court err in concluding that Mr. Emick's proof failed to show that Mr. Lightfield misrepresented the Blazer?

2. Did the District Court err in finding no violation of § 30-14-103, MCA, et seq., when defendants failed to inspect the Blazer?

3. Did the District Court err in finding that defendants did not have the duty to inspect the Blazer prior to its sale?

Central Auto is a partnership of Kenneth Koch and Gary Koch. It sells used vehicles in Billings, Montana. Lee Lightfield used a portion of the space belonging to Central Auto to market his own vehicles. They had a working arrangement whereby Central Auto could sell vehicles belonging to Lee Lightfield on a consignment basis, and Central Auto would receive a commission for the sale.

Mr. Emick purchased a 1976 Chevrolet Rally Blazer off the Central Auto lot in October 1983. Lee Lightfield sold the Blazer to Mr. Emick. He told Mr. Emick that the Blazer was in good condition. Mr. Emick did not know that the Blazer was owned by Lee Lightfield. Mr. Emick test drove the Blazer before paying $5,250 to Central Auto for its purchase. Lee Lightfield signed the Central Auto sales receipt as the

2

"salesman." Central Auto transferred the money, less a lot fee and a percentage of the profit, to Lee Lightfield. The bill of sale indicated conspicuously on its face that the Blazer was being sold "as is."

Mr. Emick testified that after he had the Blazer for several days, he became aware of the following defects:

(a) The gear ratio was too low;
(b) There was vibration in the steering wheel at speeds over 55 m.p.h.;
(c) The rear window did not operate properly;
(d) The roof had a pin hole leak;
(e) The odometer was crooked;
(f) The gas gauge didn't work; and
(g) The radio antenna was loose.

Mr. Emick testified that he took the Blazer to a mechanic, but that mechanic did not testify at the time of trial. Mr. Emick testified that with the help of the mechanic, he observed that the A frame was cracked at the shock absorber mounting, the transmission leaked, the rings and rods were bad, and the brakes were not functioning properly. Mr. Emick testified that he contacted Central Auto and demanded his money back but that Central Auto refused to accept the return of the Blazer. Mr. Emick also testified that he had not repaired the Blazer by the time of trial. He did not state whether or not he continued to use the Blazer.

Mr. Emick brought suit against Central Auto, which brought in Lee Lightfield as a third-party defendant. Mr. Lightfield was dismissed without prejudice, by stipulation. At trial, Mr. Emick testified on his own behalf. Central Auto presented testimony by Ken Koch and by Janice Koch, the Central Auto employee who prepared the bill of sale.

The District Court found that Mr. Emick had ample opportunity to inspect the Blazer before he bought it and concluded that the defects testified to by Mr. Emick were

3

discoverable by reasonable inspection. The central finding and conclusion of the District Court was that none of the alleged defects "rendered the automobile inoperable or presented a safety hazard." In addition the District Court concluded that Mr. Emick had failed to carry his burden of proof to show a breach of warranty and that he had failed to show that the vehicle did not conform to the representations made by Mr. Lightfield. Finally, the District Court concluded there had been no violation of the state or federal Consumer Protection Act and that Mr. Emick had failed to carry his burden to prove liability on the part of the defendants.

I

Did the District Court err in concluding that Mr. Emick's proof failed to show that Mr. Lightfield misrepresented the Blazer?

Mr. Emick testified that when he asked Mr. Lightfield if there was anything wrong with the Blazer, the answer was, "No, it is a good truck." He also testified that Mr. Lightfield told him he had driven the Blazer home and it was in wonderful shape. He argues that these representations were false, because of the defects he later discovered in the Blazer. The District Court concluded "[t]hat the evidence reveals that the defects discovered by the Plaintiff were discoverable by reasonable inspection and none of them rendered the automobile inoperable or presented a safety hazard."

Mr. Emick presented only his own testimony about the defects in the Blazer. Although he stated that, in his opinion, the vibration in the steering wheel could be dangerous, he did not claim to be a mechanic or an expert witness in any sense. On cross-examination, he admitted that the gear ratio that he complained was too low is set at the factory.

4

It is within the power of the trier of fact to believe or disbelieve the testimony of a witness. Section 26-1-302, MCA. The testimony of Mr. Emick established that he had limited knowledge of automobiles and he certainly did not qualify in any sense as an expert. While Mr. Emick did testify with regard to certain claimed defects, his testimony had to be classified as weak. By his own admission Mr. Emick was allowed to test drive and examine the Blazer before he bought it. After hearing all of the evidence, the District Court concluded that Mr. Emick had failed to prove the automobile did not conform to the representations made by Mr. Lightfield. We hold the record supports the conclusion of the District Court that the proof failed to show a misrepresentation on the part of Mr. Lightfield.

## II

Did the District Court err in finding no violation of § 30-14-103, MCA, et seq., when defendants failed to inspect the Blazer?

The statutes cited are also known as the Consumer Protection Act (Act). Section 30-14-103, MCA, sets forth the general scope of the Act:

> Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

We have carefully reviewed the slim transcript in this matter. Mr. Emick has submitted no proof, other than his own statements, that any of the defects in the Blazer were present. He submitted nothing to demonstrate any dangerous or latent defects other than his own statement that the vibration in the steering could be dangerous. We conclude that the District Court could reasonably determine that the defects in the Blazer as alleged by Mr. Emick are not

5

unexpected in a used vehicle. We conclude that the record supports the holding that Mr. Emick failed to prove an unfair or deceptive act or practice which would justify application of the Act. We hold that the District Court was correct in concluding there was no showing that the defendants violated the Act.

## III

Did the District Court err in finding that defendants did not have the duty to inspect the Blazer prior to its sale?

The District Court found that ". . . the Defendants, Ken Koch, Gary Koch and Central Auto, were totally without knowledge concerning the condition of the vehicle and, since this was a consignment sale, were without obligation to inspect the vehicle or examine it for defects." Mr. Emick argues that the duty to inspect the Blazer should be placed upon the defendants because he was misled to believe that he was buying it from them. He says defendents are responsible under a theory of ostensible agency.

It may be true that a duty could be ascribed to defendents. However, no defects have been proven here, as discussed above. Mr. Emick has failed to prove his case. Where there has been a failure to establish a case against a supposed agent, it would be impossible to impute the same liability to the principal. Knowlton v. Sandaker (1968), 150 Mont. 438, 451, 436 P.2d 98, 105. Even if there is error in the District Court's finding that defendants did not have the duty to inspect the Blazer prior to its sale, the error is harmless because it could not have altered the judgment.

Affirmed.

_____
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_William E. Hunt Sr._

_L. C. Gulbrandson_

_John C. Sheehy_

_R. C. McDonough_
Justices

7